Patrick J. Crank (5-2305)
Abbigail C. Forwood
CRANK LEGAL GROUP, P.C.
1815 Evans Avenue
PO Box 1709
Cheyenne, WY 82003-1709
307-634-2994 Telephone
307-635-7155 Facsimile
pat@cranklegalgroup.com
abbi@cranklegalgroup.com

ATTORNEYS FOR DEFENDANT UNIVERSITY
OF WYOMING SCHOOL OF PHARMACY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JIYING WEI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case Number:  15CV125-C |
| VS. | ) |
| | ) |
| UNIVERSITY OF WYOMING SCHOOL | ) |
| OF PHARMACY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6), FED.R.CIV.PRO.**

The University of Wyoming School of Pharmacy ("Defendant"), by and through its attorneys, Crank Legal Group, P.C., hereby moves to dismiss Jiying Wei's ("Plaintiff") Amended Complaint in this matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of Defendant's Motion to Dismiss, the Defendant states as follows:

**BACKGROUND**

Plaintiff filed a Complaint in this matter on July 30, 2015.  On August 7, 2015, Plaintiff filed an Amended Complaint.  While unclear from the Amended Complaint, Plaintiff seems to claim she was wrongfully accused, by a "person,"

of plagiarism. *See,* Amended Complaint at ¶¶2, 3. Plaintiff attached a number of documents to the Amended Complaint which she labeled as "Exhibits." It seems that Plaintiff's Exhibits, which largely consist of academic transcripts and medical records, are intended to support her claim that she was wrongfully accused of plagiarism.

Review of the Amended Complaint shows that Plaintiff failed to set forth an actionable claim, damages of any kind, and requested no relief from the Court. Further, Plaintiff's Exhibits offer no support to her claim that the "plagiarism accusation on Alcohol Withdrawl [sic] Syndrome was false." *Id.* at ¶2. In addition, while it is unclear what cause of action, if any, Plaintiff has alleged in her Amended Complaint, it appears Plaintiff's suit is barred by the Wyoming Governmental Claims Act, W.S. § 1-39-101, *et. seq.*.

In short, the Amended Complaint fails to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6), Fed.R.Civ.Pro., Plaintiff's claim against Defendant must fail.

## LEGAL AUTHORITY AND ARGUMENT

### A. Standard of Review.

The standard of review for a 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted is well established. The Court must accept as true the Plaintiff's well-pleaded factual allegations and draw all reasonable inferences in Plaintiff's favor. *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990). Dismissal for failure to state a claim is appropriate if the Plaintiff can prove no set of facts that would entitle him to

relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1533 (10th Cir. 1992).  At this stage in the proceeding, the Court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

>     B.     **Effect of Filing an Amended Complaint.**

For purposes of this Motion to Dismiss, the effect of Plaintiff's filing of an Amended Complaint must also be addressed.  Here, Plaintiff's filing of an Amended Complaint supersedes the original Complaint and renders the original Complaint of no legal effect.

The 10th Circuit Court, in *Fullerton v. Maynard*, 943 F.2d 57 (10th Cir. 1991), held:

> It is a well-established general rule that an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint it modifies and renders the prior complaint of no legal effect. *See Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 508 (5th Cir.1985); *Cameron v. Fogarty,* 705 F.2d 676 (2d Cir.1983); *London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir.1981); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990). However, pursuant to Rule 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987); *Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.,* 1 F.R.D. 395 (S.D.N.Y.1940); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1326 (1990). While Fullerton, a *pro se* plaintiff, is entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants. *King,* 814 F.2d at 567.

3

*Id.*

In the instant matter, Plaintiff failed to directly, or indirectly, reference or incorporate the original complaint. The Amended Complaint makes no mention of the original complaint in any fashion. Thus, even construing Plaintiff's Amended Complaint liberally, the Court may only consider the factual allegations contained in the Amended Complaint for purposes of Defendant's Motion to Dismiss. The original complaint can be given no legal effect.

### C.   Plagiarism Claim

Reading the Complaint in a light most favorable to Plaintiff, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff's claim that Defendant falsely accused her of plagiarism must fail.

Here, Plaintiff has set forth no facts that would entitle her to relief. At ¶2 of the Amended Complaint, Plaintiff claims that the "plagiarism accusation … was false." *Id.* She fails to explain the plagiarism accusation in any way, fails to set forth a cause of action recognized by this Court, and completely fails to identify Defendant's role, if any, in the allegedly false accusation of plagiarism.

The <u>only</u> allegation contained in the Amended Complaint that can presumably be connected to Plaintiff's claim is found at ¶3 of the Amended Complaint. In ¶3, Plaintiff asserts that a "person" disliked Plaintiff, and filed a claim "purely because she didnot [sic] like me and wanted me [sic] harm." *See*, Complaint ¶3. It is unclear who "the person" that disliked Plaintiff is, or if the person was connected to Defendant. Further, it is unclear if the "claim" Plaintiff asserts the person "filed" was even related to charge of plagiarism.

In order to survive Defendant's Motion to Dismiss, the Amended Complaint must state a claim for which relief can be granted. Pursuant to Rule 8(a), Fed.R.Civ.Pro.,

> (a) Claim for Relief.  A pleading that states a claim for relief **must** contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

*Id*. (emphasis added).  Here, even construing Plaintiff's Amended Complaint liberally and in a light most favorable to Plaintiff, the Amended Complaint fails to comply with Rule 8, Fed.R.Civ.Pro..  The Amended Complaint fails to set forth any statement of the Court's ground for jurisdiction, fails to set forth any statement showing that Plaintiff is entitled to relief, and fails to demand any relief whatsoever.  Pursuant to Rule 8(a), Fed.R.Civ.Pro., the Amended Complaint, therefore, fails to state a claim for relief and must be dismissed pursuant to Rule 12(b)(6), Fed.R.Civ.Pro.

## CONCLUSION

**WHEREFORE**, for reasons set forth above, the Defendant prays as follows:

(1)   That the Court dismiss the Amended Complaint;

(2)     That the Court award the Defendant its reasonable costs and attorneys' fees; and

(3)     That the Court award Defendant such other relief as the Court deems just and proper.

DATED this 26th day of August, 2015.

> By:     /s/ Abbigail C. Forwood
> Patrick J. Crank, 5-2305
> Abbigail C. Forwood, 7-4814
> CRANK LEGAL GROUP, P.C.
> 1815 Evans Ave.
> P.O. Box 1709
> Cheyenne, WY 82001
> (307) 634-2994
> Fax (307) 635-7155
> pat@cranklegalgroup.com
> abbi@cranklegalgroup.com

## **CERTIFICATE OF SERVICE:**

This is to certify that on the 26th of August, 2015, a true and correct copy of the foregoing was served upon Plaintiffs as follows:

| | |
|---|---|
| Jiying Wei | [ X ] U.S. Mail |
| 300 E Trilby Road | [   ] Fed Ex |
| Fort Collins, CO  80525 | [   ] Fax |
| | [   ] Hand Delivered |

                                                        /s/ Abbigail C. Forwood