

FILED

3:37 pm, 9/24/15
**Stephan Harris**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

JIYING WEI

                          Plaintiff,

vs.

UNIVERSITY OF WYOMING SCHOOL
OF PHARMACY

                          Defendant.

Case No:  15-CV-0125

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss. Defendant has requested a hearing on this matter, but the Court does not find that a hearing would materially assist in the disposition of this matter.

### BACKGROUND

Plaintiff filed her initial Complaint in July 30, 2015 in the matter before the court today. She filed an Amended Complaint on August 7, 2015. In response, Defendant's filed a Motion to Dismiss. Plaintiff then filed a "Motion to Dismiss the Defendant's Motion to Dismiss." The Court is treating that motion as a response to the Defendant's Motion to Dismiss. It is unclear from any of the pleadings what claims Plaintiff is attempting to bring, what damages she has incurred, and what relief she seeks from the Court.

Generally, Plaintiff appears to be arguing that she was wrongfully dismissed from the University of Wyoming School of Pharmacy after being accused of plagiarism. As a result, she claims to have lost her "intern license" and is no longer able to work. Plaintiff claims that the person who filed the plagiarism complaint did so because they disliked the Plaintiff.

## ANALYSIS

Plaintiff, Jiying Wei, is acting pro se. As such, the Court construes her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F. 3d 1198, 1201 n.2 (10th Cir. 2010). Meaning, the court will "make some allowances for the pro se plaintiff's . . . unfamiliarity with pleading requirements." *Garrett v. Selby Conner Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Under Federal Rule Civil Procedure 8(a)(2), a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

It is the plaintiff's burden to frame her complaint with enough factual information to suggest she is entitled to the relief she seeks. *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 556 (2007). Conclusory allegations are not sufficient to withstand a motion to

dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). "Thus, mere 'labels and conclusions' and a 'formulaic recitation of the elements of a cause of action' will not suffice. Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1191, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). Dismissal of a pro se complaint is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [she] has alleged and it would be futile to give [her] an opportunity to amend." *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

Here, it is obvious Plaintiff cannot prevail on the facts she has alleged and it would be futile to give her an opportunity to amend. The Court is unable to draw any reasonable inference that the Defendant, the University of Wyoming School of Pharmacy, is liable for the misconduct alleged by the Plaintiff. Rather, she appears to be claiming that an unknown "person" wrongfully accused her of plagiarism. Further, Plaintiff has failed to explain how the plagiarism accusation rises to the level of a cause of action before this court. Therefore, because the Court is unable to draw a reasonable inference that the Defendant is liable for the misconduct alleged the Defendant's Motion to Dismiss must be granted.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure her complaint is dismissed.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Defendant's request for reasonable costs and attorneys' fees is DENIED.

IT IS FURTHER ORDERED that Defendant's request for a hearing on this matter is DENIED.

Dated this __24__ day of September, 2015.

_____
NANCY D. FREUDENTHAL
CHIEF UNITED STATES DISTRICT JUDGE